IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| S. JAY WILLIAMS, INDIVIDUALLY; S. JAY WILLIAMS, AS ASSIGNEE OF WNC INSTITUTIONAL TAX CREDIT FUND VII, L.P., WNC HOUSING, L.P., AND TRACY KENNEDY; SCII-GP, LLC, AS ASSIGNEE OF SHELTER RESOURCE CORPORATION, SWIS INVESTMENTS, LTD. AND SC-GP, INC.; SWIS INVESTMENTS, LTD. and SWIS COMMUNITY, LTD.<br><br>    Plaintiff,<br><br>VS.<br><br>WELLS FARGO BANK N.A. DOING BUSINESS THROUGH ITS OPERATING DIVISION WELLS FARGO COMMERCIAL MORTGAGE SERVICING; FANNIE MAE (a/k/a FEDERAL NATIONAL MORTGAGE ASSOC.); DAVID F. STAAS; MARK GLANOWSKI; COURTNEY DAVIS BRISTOW; BLUE VALLEY APARTMENTS, INC. and WINSTEAD PC<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 4:13-cv-00825 |

## WINSTEAD DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

The Plaintiffs sued Fannie Mae, Wells Fargo, Winstead, and three Winstead professionals over the foreclosure and sale of the property located at 9603 Homestead Road in Houston. Plaintiffs are limited and general partners of Swis

1

Community, the borrower identified in the Multifamily Deed of Trust. Fannie Mae was the mortgagee, Wells Fargo, the loan servicer, and the Winstead Defendants were substitute trustees.

Plaintiffs allege that the foreclosure and sale of their Houston property was defective because the substitute trustees did not send notice to the borrower's "last known address" as required by the deed of trust. But the substitute trustees asked the servicer for the borrower's address, and sent the requisite notices to the address provided. The Texas Property Code protects trustees from liability for any error that results from good-faith reliance on information provided by the mortgagee or its servicer. The Code further provides a procedural mechanism for dismissing claims against trustees who get caught in the cross-fire between mortgagor and mortgagee. The Court should dismiss the trustees and deny the motion to remand.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs sued Defendants in state court for breach of contract, violations of the Texas Property Code, wrongful foreclosure, and breach of fiduciary duty, alleging that Defendants did not send notice to Swis Community's "last known address" as required by the Deed of Trust. Specifically, Plaintiffs contend that the substitute trustees should have sent notice to Swis Community at Post Office Box 771149, Houston, Texas 77215-1149 ("the P.O. Box address").

Defendants timely removed the action to this Court on two separate bases: 1)

Fannie Mae's congressional charter confers original jurisdiction on this Court; and 2) complete diversity exists because Plaintiffs improperly joined the Winstead Defendants, the only non-diverse parties. Plaintiffs moved to remand on April 17, 2013. Fannie Mae will file a response to Plaintiff's Motion to Remand on the issue of original jurisdiction. The Winstead Defendants file this response to show that they are improperly joined.

## II.   THE WINSTEAD DEFENDANTS ARE IMPROPERLY JOINED.

A non-diverse defendant is improperly joined if the plaintiff could not establish a cause of action against that party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To determine whether a party is improperly joined, the court conducts a 12(b)(6) type of analysis, evaluating all factual allegations in the light most favorable to the plaintiff. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

"The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Id.* Whether to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed

facts that would preclude a plaintiff's recovery against the non-diverse defendant. *Smallwood*, 385 F.3d at 573-74. Plaintiffs cannot establish a cause of action against the substitute trustees.

### A. The Substitute Trustees Fulfilled Their Duties Under the Texas Property Code and the Deed of Trust.

Under Texas law, a trustee involved in a foreclosure "must act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977). That duty may be breached if the trustee fails to strictly comply with the terms of the Texas Property Code or the deed of trust. *Univ. Savings, Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982).

The Texas Property Code requires the mortgagor or loan servicer to serve written notice of the sale on each debtor obligated to pay the debt by certified mail 21 days before the sale. TEX. PROP. CODE § 51.002 (West Supp. 2011). Service of written notice is complete "when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* The "debtor's last known address" means "the debtor's last known address as shown by the records of the mortgage servicer of the security instrument unless the debtor provided the current mortgage servicer a written change of address before the date the mortgage servicer mailed a notice required by Section 51.002." *Id.* §

4

51.0001. The requirements of the Multifamily Deed of Trust at issue in this case are the same as those of the Property Code. Multifamily Deed of Trust ¶ 43 **(Exhibit A)**; *see also* Pls.' Mot. to Remand ¶ 21 (discussing the overlapping requirements of the Property Code and the Deed of Trust).

In order to send notice to the borrower's "last known address as shown by the records of the loan servicer," the trustee necessarily must obtain the address from the loan servicer. Recognizing that trustees' duty to act with absolute impartiality and fairness sometimes requires them to rely on information provided by others, Texas law expressly absolves trustees of liability for good faith reliance on certain information: "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." TEX. PROP. CODE § 51.0007(f). The Property Code also provides a procedural mechanism for dismissing claims against trustees where appropriate. *Id.* § 51.007(a–e), (f); *Leal v. Bank of N.Y. Mellon*, C.A. No. C-12-265, 2012 U.S. Dist. LEXIS 163142, at *13 (S.D. Tex. Oct. 22, 2012).

Substitute-Trustee Courtney Bristow sent Wells Fargo an email asking for addresses for the borrower, equity investor, and key principals. Email from Courtney Davis Bristow to Beverly Furbush **(Exhibit B)**. Ms. Furbush responded, providing three addresses. Email from Beverly Furbush Courtney Davis Bristow

**(Exhibit B)**. Ms. Bristow then sent the notices required by the Texas Property Code and the Deed of Trust to those addresses via certified mail, on January 21, 2011, and again on February 8, 2011, 21 days before the sale. *See* Letters from Courtney Davis Bristow to Borrower, General Partner, Equity Investor and Key Principals **(Exhibits C, D)**. The substitute trustees' duties were fulfilled as soon as Ms. Bristow deposited those notices in the mail. *See* TEX. PROP. CODE § 51.002.

### B. The Texas Property Code Shields the Substitute Trustees from Suit.

Plaintiffs rely on several cases holding that allegations of defective notice are enough to state a claim against a substitute trustee. *See McIntosh v. U.S. Bank Nat'l Ass'n,* No. H-11-3874, 2012 U.S. Dist. LEXIS 3071, at *7–*12 (S.D. Tex. Jan. 10, 2011); *Johnson v. Ocwen Loan Servicing, LLC*, No. 02:09-CV-00047, 2009 U.S. Dist. LEXIS 63854, at *4–*8 (S.D. Tex. July 22, 2009); *King v. Bank of New York*, No. C-05-408, 2005 U.S. Dist. LEXIS 32466, at *7–*12 (S.D. Tex. Sept. 7, 2005). However, none of these cases considered the safe harbor defense relied on by the Winstead Defendants, involving reliance on information provided by the loan servicer. Here, the evidence conclusively establishes that the Winstead Defendants relied on factual information provided by the servicer. *See* Exhibit B. Section 51.007(f) of the Texas Property Code expressly protects trustees in this situation from liability. TEX. PROP. CODE § 51.007(f).

6

### III. THE COURT SHOULD DISMISS THE WINSTEAD DEFENDANTS.

Section 51.007(d) of the Texas Property Code provides for the dismissal of claims against a trustee if the court determines that the trustee is not a necessary party to the action. TEX. PROP. CODE § 51.007(d) ("The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party."). While Plaintiffs allege fault on behalf of the substitute trustees, their arguments make clear that their quarrel lies with the Servicer:

> Swis Community's "last known address" as shown by the records of the *loan servicer* at the time of the foreclosure had not changed since at least April 15, 2002. Indeed, from April 15, 2002 until after the purported foreclosure in 2011, the *loan servicer* sent and Swis Community received its account statements from the *loan servicer* at the same address or record. That remained true even when the *loan servicer* changed from Arbor Commercial Mortgage, LLC (the original *loan servicer*), to Wachovia Securities, to Defendant Wells Fargo (the *loan servicer* at the time of foreclosure).

Pls.' Verified Resp. at 8–9 (internal citations omitted) (emphasis added). Plaintiffs defined the critical issue as follows: whether the address Wells Fargo provided the substitute trustees was the debtor's "last known address" as shown by its records. The question to be resolved in this case simply does not involve the substitute trustees.

## IV. CONCLUSION

Plaintiffs' claims are based on their contention that the servicer had the debtor's latest address in its files and failed to send notice to that address. The evidence establishes that the substitute trustees relied in good faith on the addresses provided by the servicer. The Texas Property Code shields the substitute trustees from liability for any error that may have arisen as a result of their reliance on that information. Accordingly, the Plaintiffs cannot establish a cause of action against the substitute trustees and they are improperly joined. The Court should dismiss the Winstead Defendants from this action and deny Plaintiffs' motion to remand.

Respectfully submitted,

**BECK REDDEN, LLP**

By: /s/ *Murray Fogler*
    Murray Fogler
    State Bar No. 07207300
    Robin O'Neil
    State Bar No. 24079075
One Houston Center
1221 McKinney, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)

**COUNSEL FOR DEFENDANTS WINSTEAD, PC, DAVID F. STAAS, MARK GLANOWSKI, AND COURTNEY DAVIS BRISTOW**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Defendants Winstead, P.C., David F. Staas, Mark Glanowski, and Courtney Davis Bristow's Certificate of Interested Parties was served in compliance with the Federal Rules of Civil Procedure on May 6, 2013, on the following counsel of record:

Bradley W. Hoover
**MillsHigie LLP**
11000 Brittmoore Park Drive, Ste. 200
Houston, Texas 77041

*E-Service & Email:*
*bhoover@themillslawfirm.us*

Paul Simon
J. Patrick Cohoon
**Simon Herbert McClelland & Stiles, LLP**
3400 Richmond Ave., Ste. 400
Houston, Texas 77046

*E-Service & Email:*
*psimon@shmsfirm.com &*
*pcohoon@shmsfirm.com*

Jeff Joyce
Benjamin Wickert
**Joyce McFarland + McFarland, LLP**
712 Main Street, Ste. 1500
Houston, Texas 77002

*E-Service & Email:*
*jjoyce@jmmllp.com*
*bwickert@jmmllp.com*

                                       */s/ Murray Fogler*
                                  **MURRAY FOGLER**