UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| S JAY WILLIAMS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-825 |
| | § | |
| WELLS FARGO BANK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the Motion to Remand (Doc. 9) filed by S. Jay Williams, individually, (2) Williams as assignee of the claims of WNC Institutional Tax Credit Fund VII, L.P., WNC Housing L.P., and Tracy Kennedy, (3) SCII-GP, LLC as assignee of the claims of Shelter Resource Corporation, Swis Investments, Ltd. and SC-GP, Inc., (4) Swis Community, Ltd., and (5) Swis Investments (collectively, "Plaintiffs"). Also before the Court is a Response filed by Defendants Winstead P.C., David F. Staas, Mark Glanowski, and Courtney Davis Bristow (collectively, "the Substitute Trustees"), a Response filed by Defendant Fannie Mae a/k/a/ Federal National Mortgage Association ("Fannie Mae") (Doc. 13), Plaintiffs' Reply to the Responses (Doc. 14), Fannie Mae's Sur-Reply (Doc. 15), and Plaintiffs' Additional Authorities Supporting Their Motion to Remand (Doc. 22). After careful consideration of the facts, the motion, responses, and replies, the Court finds that removal was proper and denies Plaintiffs' motion to remand.

## I.    Background

This is a wrongful foreclosure action arising from the foreclosure of a low-income housing project owned and operated by Plaintiffs in Houston, Texas. Original Pet. at 1 (Doc. 1-2). Plaintiffs filed this lawsuit on February 18, 2013 in Texas state court against Fannie Mae, the

holder of the note, Wells Fargo Commercial Mortgage Servicing, the loan's servicer, Winstead

PC, a Texas law firm that served as counsel for Fannie Mae in the foreclosure, and three of its

professionals, Staas, Glanowski, and Bristow who served as the substitute trustees. *Id.* ¶¶ 6–12.

The central allegation of Plaintiffs' complaint is that they did not receive the notices required by

the deed of trust and the Texas Property Code prior to the foreclosure. *Id.* ¶¶ 21–27. As a result

of the allegedly unlawful foreclosure, Plaintiffs and their general and limited partners lost almost

$1.7 million in tax credits. *Id.* ¶36. Plaintiffs seek damages against all Defendants for wrongful

foreclosure, breach of a real estate deed of trust, and violation of Texas Property Code Section

51.001, *et. seq. Id.* ¶¶ 37–43. Plaintiffs also sued the Substitute Trustees for breach of fiduciary

duty. *Id.* at 12.

On March 22, 2013, Fannie Mae timely removed the case to this Court asserting two

grounds for jurisdiction: (1) original federal subject matter jurisdiction based on Fannie Mae's

congressional charter—12 U.S.C. § 1723a(a) and (2) diversity jurisdiction. Not. of Removal

(Doc. 1). All Defendants joined in the removal. *Id.* ¶ 3; Def.'s Consent to and Joined in Not. of

Removal (Doc. 1-8). With regard to their argument that diversity jurisdiction exists in this case,

Defendants concede that the Substitute Trustees are residents of Texas but argue that they are

improperly joined since Plaintiffs have no plausible claim for relief against them. *Id.* ¶¶ 13–24.

Plaintiffs moved for remand arguing 12 U.S.C. § 1723a(a) does not confer federal subject matter

jurisdiction in this case and that the Substitute Trustees are not improperly joined. Doc. 9. Thus,

the question before the Court is whether subject matter jurisdiction exists in this case.

## II.    Legal Standard

Under 28 U.S.C. § 1441, removal from state court is proper only for civil actions that

"originally could have been filed in federal court." *Sam L. Majors Jewelers v. ABX, Inc.*, 117

F.3d 922, 924 (5th Cir. 1997).  This original jurisdiction must be based on either diversity of citizenship or existence of a federal question.  *Id.*  On a motion to remand, the burden lies with the removing party to establish that one of these bases of jurisdiction exists.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Determination of such jurisdiction is made according to the state court complaint at the time of removal, construing all ambiguities in favor of remand.  *Id.*

### III.    Discussion

Under 28 U.S.C. § 1441(b), when federal jurisdiction would be based on diversity, as is claimed by Defendants here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003) (en banc).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch v. Hartford Acc.  Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood,* 385 F.3d at 573.  Only the latter is alleged here. Defendants claiming improper joinder based on the second type bear a heavy burden of showing there is no reasonable basis for predicting that state law would allow recovery against the in-state defendants.  *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood,* 385 F.3d at 576.  "If there is arguably a reasonable basis for prediction that the state law might impose liability on the fact involved, then

there is no fraudulent joinder.   This possibility, however must be reasonable, not merely theoretical."  *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis."  *Smallwood,* 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles,* 342 Fed. Appx. 911, 915 (5th Cir. 2009).  First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant.  *Smallwood,* 385 F.3d at 573.  If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence.  *Georgia Gulf,* 342 Fed. Appx. at 915–16.  Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits ....'"  *Id.* at 916, *quoting Smallwood,* 385 F.3d at 573–74.

The complaint makes the following allegations as to the Substitute Trustees:

> The Trustee(s) did not fulfill their assigned duties.  Proper notices of demand, acceleration and foreclosure were not served on Swis Community as required by Texas statute or the Deed of Trust…

Doc. 1-2 ¶ 21.

> The notice generated and sent by the Defendants was not addressed to Swis Community at Swis Community's last known address recorded in the records of the loan servicer Wells Fargo.  Indeed Swis Community had sent its updated address to Wells Fargo and—long before the foreclosure—Wells Fargo had been sending statements to Swis Community's updated address of Post Office Box 771149 Houston, Texas 77215.  Yet, Defendants did not use Swis Community's last known address recorded in the records of the loan servicer when it sent their purported notice of foreclosure.

Doc. 1-2 ¶ 25.  Based on these allegations, Plaintiffs assert all four causes of action for breach of contract, violation of Texas Property Code Section 51.0001, *et seq.*, wrongful foreclosure, and breach of fiduciary duty against the Substitute Trustees.  Plaintiffs have filed an unopposed motion for leave to file an amended complaint (Doc. 27).  Because "federal courts base decisions about subject matter jurisdiction after removal on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition," however, only Plaintiffs' Original Petition is relevant to the Court's determination of the propriety of removal.  *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990).

Under Texas law, a substitute trustee "exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility."  *Johnson v. Ocwen Loan Servicing, LLC*, No. 02:09-CV-00047, 2009 WL 2215103, at *4 (S.D. Tex. July 22, 2009) (quoting *Person v. Black*, 980 S.W.2d 818, 822 (Tex.App.—San Antonio 1998, no pet)).  It is the substitute trustee's duty to "act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust."  *Myrad Properties, Inc. v. La Salle Bank Nat'l Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009); *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977).  "This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code."  *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011).  Nevertheless, "a trustee may not be held liable to the obligations of a fiduciary of the mortgagor or mortgagee."  Tex. Prop. Code § 51.0074(b); *Stephenson v. Le Boeuf*, 16 S.W.3d 829, 837–38 (Tex.App.—Houston [14th Dist.] 2000, pet. denied).  Moreover, the Texas Property Code absolves trustees of liability for "any good faith error resulting from reliance on any information in law or fact

provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." *Id.* § 51.007(f).

Section 51.007(a-e) of the Texas Property Code provides a procedural mechanism for dismissing claims against trustees where the trustee is not a necessary party to the action.  Under this section, a trustee may plead in her answer that she "is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." Tex. Prop. Code § 51.007(a).  The other parties may then file a response to the verified denial within 30 days.  *Id.* at (b).  Under subsection (c), if a party has no objection to the verified denial or if no response is filed, then the trustee is dismissed from the suit without prejudice.  *Id.* at (c). If a respondent does file a timely verified response, the matter shall be set for hearing.  *Id.* at (d). If the court determines that the trustee is not a necessary party, the trustee shall be dismissed from the suit or proceeding without prejudice.  *Id.*

In accordance with this procedure, the Substitute Trustees filed their Original Answer with a verified denial which states:

> The Substitute Trustees reasonably believe that they have been named as parties solely in their capacities as trustees under a deed of trust and are, therefore, not necessary parties to this suit.  In executing those powers of notice and sale vested in them by the Multi-Family Deed of Trust, the Substitute Trustees relied in good faith on information provided by the mortgagee and its servicer.  As such, the Substitute Trustees are named only in their capacity as trustees under a deed of trust and should be dismissed pursuant to Section 51.007 of the Texas Property Code.

Substitute Trustees' Original Answer, Verified Denial, and Req. for Disclosure ¶ 2 (Doc. 1-3 at p. 68–80).  Plaintiffs filed a response contending that Defendants failed to initiate the procedure under § 51.007 because they did not articulate the *basis* of the purported "reasonable belief" that they are named solely in their capacity as trustees.  Pl.'s Verified Response Pursuant to Texas

Property Code §51.007 at ¶ 3 (Doc. 11) (emphasis in original).

In *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 701, 707 (N.D. Tex. 2011), the court interpreted the language in § 51.007 to require a trustee to do more than simply swear to the mere fact of a belief that it has been named as a party solely in the capacity as a trustee under the deed. The court held that the trustee must actually specify the reason or justification for the trustee's belief, and therefore a simple statement that the trustees "reasonably believe that they were individually named as parties solely in their capacity as trustees" was insufficient to merit dismissal under § 51.007(c). *Id.* at 707–08.

The Substitute Trustees here have made a bare-bones denial not unlike that in *Marsh*, stating only that they have been named solely in their capacities as trustees without offering any basis for that belief. Plaintiffs' complaint belies their argument, however, because Plaintiffs bring their claims against the Substitute Trustees specifically for breaching their duties under the deed of trust by failing to provide the required notices. Under *Marsh*, the Substitute Trustees' denial is insufficient to invoke the procedure under § 51.007. Nevertheless, the verified denial does invoke the "safe harbor" of § 51.007(f) by stating that the Substitute Trustees "relied in good faith on information provided by the mortgagee and its servicer." The Substitute Trustees elaborate on this defense in their response to Plaintiffs' motion to remand by offering evidence that Substitute Trustee Defendant Courtney Davis Bristow emailed Wells Fargo asking for addresses for the borrower, equity investor, and key principals. Doc. 12 at 5; Emails between Bristow and Wachovia/Wells Fargo (Doc. 12-7). Ms. Bristow relied on this information and used these addresses in sending the required notices. *Id.* at 6; Letters from Courtney Davis Bristow to Borrower, General Partner, Equity Investor and Key Principals (Docs. 12-8; 12-9).

Defendants claim that Plaintiffs cannot maintain a cause of action against them because

Plaintiffs have failed to allege any specific facts on the part of the Substitute Trustee Defendants that would refute the defense of section 51.007(f).  Doc. 1 ¶¶ 16–18.  Plaintiffs counter that the complaint does include sufficient facts to state a claim against the Substitute Trustees and that Plaintiffs were not required to plead that the Substitute Trustees acted in bad faith.  Doc. 9 ¶¶ 18–26.  In support of their position, Plaintiffs cite numerous cases from the Southern District of Texas where courts have found that trustees who failed to give proper notice prior to a foreclosure were not improperly joined.  *Id.* ¶ 25 (citing *McIntosh v. U.S. Bank Nat'l Ass'n*, No. H-11-3874, 2012 WL 75141, at *3 (finding trustee was not improperly joined where he failed to comply with notice requirements; *Johnson v. Ocwen Loan Servicing, LLC*, No. C-09-47, 2009 WL 2215013, at *3–4 (S.D. Tex. July 22, 2009) (finding the trustee was not improperly joined because she failed to provide the statutory notice of the foreclosure sale); *King v. Bank of New York,* No. C.A. C–05–408, 2005 WL 2177209, at *5 (S.D. Tex. Sept. 7, 2005) (Jack, J.) (finding that Plaintiffs pled a cause of action against the trustee who failed to give proper notice of the foreclosure sale and that "[b]ecause [defendant], as trustee, acted in a separate capacity from [the banks] and bears responsibility for her actions in the foreclosure process, this Court finds that she has not been improperly joined"); *Ochoa v. U.S. Bank & Nat'l Ass'n*, No. EP-10-CV-00487-KC, 2011 WL 2565366, at *4 (finding that plaintiff could maintain a cause of action against a substitute trustee when trustee allegedly failed to give proper notice of the foreclosure sale pursuant to the Property Code)).  As Defendants point out, however, none of these cases considered the safe harbor defense of § 51.007(f).

Courts considering the good faith element of §51.007(f) have generally held that "§51.007(f) imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee."  *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, at

*5 (S.D. Tex. December 20, 2013); *see also Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009).  "Where the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction."  *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, No. G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. March 22, 2013 (aggregating cases).

Even a generous reading of Plaintiffs' complaint does not reveal any factual allegations that would suggest bad faith on the part of the Substitute Trustees.  Therefore, the Substitute Trustees cannot be liable for any error they may have made which contributed to the alleged breach of contract, violation of Property Code, or wrongful foreclosure.  Likewise, because the Property Code provides that a trustee may not be held to the obligations of a fiduciary, Plaintiffs cannot maintain a cause of action against the Substitute Trustees for breach of fiduciary duty and a hearing under § 51.007 is unnecessary.  *See Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-2417-B, 2013 WL 6079460, at *3 (N.D. Tex. Nov. 18, 2013) ("The Court need not decide this verified denial issue in order to rule on Defendants' claims of improper joinder, however, because even if Trustee Defendants are not dismissed under § 51.007(c), there is no reasonable basis for predicting that Hearn will be able to recover against Trustee Defendants." (citing *Smallwood*, 385 F.3d 568 (5th Cir. 2004)).  In sum, even if all facts alleged by the Plaintiffs are assumed to be true, Plaintiffs cannot maintain a plausible action against the Substitute Trustees. Thus, the Winstead Defendants are improperly joined.  When the improperly joined Defendants are disregarded, complete diversity exists.

In addition to complete diversity of the parties, federal jurisdiction on the basis of diversity also requires that the amount in controversy exceed $75,000, exclusive of interest and

costs. 28 U.S.C. § 1332(a)(1). This requirement is satisfied if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or (2) the defendant offers "summary judgment type evidence" that supports a finding of the requisite amount. *Manguno*, 276 F.3d at 723. Here it is apparent from the face of Plaintiffs' petition that the amount in controversy exceeds $75,000.

The Court has proper subject matter jurisdiction over this action on the basis of diversity. The Court need not and does not go on to consider whether Fannie Mae's congressional charter—12 U.S.C. § 1723a(a) provides an additional basis for jurisdiction.

## IV.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is **DENIED** and Defendants Winstead P.C., David F. Staas, Mark Glanowski, and Courtney Davis Bristow are **DISMISSED** from the action without prejudice.

SIGNED at Houston, Texas, this 13th day of March, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE