UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| S JAY WILLIAMS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-825 |
| | § | |
| WELLS FARGO BANK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT AND FOR RULING ON UNRESOLVED MOTION FOR SUMMARY JUDGMENT

Defendant Wells Fargo Bank N.A. doing business through its operating division Wells Fargo Commercial Mortgage Servicing (Wells Fargo) has filed a motion (Doc. 68) to alter or amend the summary judgment (Doc. 59) that the Court entered in favor of plaintiffs and to rule on Wells Fargo's unresolved motion for summary judgment (Doc. 51). Plaintiffs oppose the motion.

The parties in the case filed cross motions for summary judgment (Docs. 50, 51, 52). The Court in Doc. 59 granted, in part, plaintiffs' partial motion for summary judgment (Doc. 52) and denied the joint motion filed by Wells Fargo and Federal National Mortgage Assoc. (Fannie Mae) (Doc. 50), but failed to rule on Wells Fargo's stand alone motion for summary judgment (Doc. 51).

The point of the motion (Doc. 68) now under consideration is that the Court's partial granting of plaintiffs' partial motion for summary judgment (Doc. 52) was based upon an argued erroneous finding that the deed of trust establishes Wells Fargo's contractual obligation to the plaintiff. Wells Fargo's motion for summary judgment (Doc. 51) directly challenged the concept that Wells Fargo owed a contractual duty to plaintiffs.

As a preliminary matter plaintiffs argue that Wells Fargo's motion to amend is untimely given the fact that the summary judgment opinion and order (Doc. 59) constitutes a final judgment. The Court has examined and re-examined all of the pleadings that address this issue and finds that the summary judgment order itself (Doc. 59) cannot be a final judgment in the case because it contains recitals from other case filings, a violation of Rule 54(a) of the Federal Rules of Civil Procedure. Further the summary judgment order can, only by implication, be considered a denial of Wells Fargo's motion (Doc. 51). Although Wells Fargo's motion for summary judgment (Doc. 51) is mentioned in passing, there is no analysis of the motion, and there is no ruling on the motion. The Court's order on summary judgment (Doc. 59) does not resolve all of the issues in the case. In the final analysis it must be said, to the Court's regret, that the motion (Doc. 51) "fell through the cracks."

On March 7, 2016 defendants Wells Fargo and Fannie Mae filed a Joint Motion to Reconsider or Clarify or Motion for New Trial, or to Alter or Amend Judgment. Doc. 70. In a footnote these defendants state that they "believe no final judgment has been entered in this case, as previously explained, *see, e.g.*, Dkt # 68. Indeed, Plaintiffs, in their response to Wells Fargo's Motion to Alter or Amend, asked this Court to enter judgment. *See* Dkt. # 69." Foot Note 1 to Doc. 70.

Plaintiffs argue in their response (Doc. 71) to Doc. 70 that the Court's opinion and order of September 30, 2015 (Doc. 67), awarding to plaintiffs their damages and attorneys fees is the final judgment. The Court disagrees. That Opinion and Order is also includes a recital of pleadings in violation of Rule 54(a). If the Court had intended that order to be a final judgment, it would have been entitled "Final Judgment" and contained only language referencing the ruling on the summary judgment motions and the damage and attorneys fees amounts. The joint

motion for reconsideration (Doc. 70) filed by Wells Fargo and Fanny Mae on March 7, 2016 is timely, as is the Motion to Alter or Amend Judgment and for Ruling on Unresolved Motion for Summary Judgment (Doc. 68) filed by Wells Fargo on October 12, 2015.

The Court's decision of February 5, 2015 (Doc. 59) dismissed all of plaintiffs' claims against defendants on theories other than breach of contract, and granted part of plaintiffs' motion for partial summary judgment (Doc 50), finding that both defendants Wells Fargo and Fannie Mae had breached the deed of trust.

Wells Fargo's Motion for Summary Judgment (Doc. 51) has one argument, that Wells Fargo was not a party to the deed of trust. The court did not address this argument in its opinion of September 30, 2015 (Doc. 59), but will do so in this opinion.

The Deed of Trust at issue here is entitled "Multifamily Deed of Trust, Assignment of Rents and Security Agreement and Fixture Filing." Exhibit 1 to Doc. 51 (Doc. 51-2). It was entered into between Swis Commuity, Ltd, borrower, and Roseleen P. Rick, trustee, for the benefit of Arbor National Commercial Mortgage, LLC, Lender.

The Declaration of S. Jay Williams Pursuant to 28 U.S.C. Section § 1746 was attached as Exhibit 1 to plaintiffs' motion for summary judgment (Doc 52-1). In that declaration Mr. Williams states that the lender, Arbor, assigned the loan to Fannie Mae, but remained the loan servicer as defined in the deed of trust until Wachovia became loan servicer in 2010. Thereafter, Wells Fargo became the loan servicer in 2010. Paragraphs 5 & 6, Doc. 52-1. Mr. Williams also declares that Wells Fargo continued as loan servicer throughout the foreclosure process (*Id.*), but that statement is derived from hearsay and is not proper summary judgment evidence. To counter that statement Well Fargo submitted sworn deposition testimony from two Wells Fargo employees who testified that once Fannie Mae was notified that the property was in default, and

Fannie Mae asked the loan to be returned to it, Wells Fargo transferred the loan to Fannie Mae, and had no further contact with the borrower.

Twilla Revelle, was an employee of Wells Fargo who at the time of the foreclosure in the instant case worked in default workouts and debt workouts.  In her deposition taken in this lawsuit she testified that the majority of the loans she dealt with are Fannie Mae loans, and she serves as a liaison between Wells Fargo and Fannie Mae "on the default side."  Doc. 51-2 at 10.  She further testified that in this case Fannie Mae "owned the loan," and she agreed that "at the time of the default Wells Fargo was the loan servicer." *Id*. at 10-11.  She also testified that when a loan goes into payment default, "I notify Fannie Mae that the loan is in default, and they become the point of contact with the borrower as far as the default." *Id*. at 11.  Finally she testified that ". . .[O]nce we've notified Fannie Mae that the loan is in default and they ask for it to be transferred, all communication goes through Fannie Mae or their outside counsel." *Id.* This testimony establishes that Wells Fargo, at the time of the foreclosure, was not the servicer of the loan.

Wells Fargo's only connection with the foreclosure was the unfortunate mistake made by one of its employees when she answered Fannie Mae's attorneys' request for information on the borrower's last known address as reflected in Wells Fargo's loan servicer files on the property.  It is undisputed that the address the Wells Fargo employee gave Fannie Mae's attorney, which was found in the first paragraph of the Deed of Trust, had been changed years before the default.  The current address had been used on other occasions to contact the borrower for years by both Wells Fargo and Fannie Mae, but the Wells Fargo employee's mistake was not caught, and the notices of acceleration, foreclosure and sale were sent to the old, stale address.

Plaintiffs argue that Wells Fargo had a duty to the borrower to keep its records up to date

and communicate information from those records accurately, but if Wells Fargo had a duty, it was not established by the deed of trust, to which Wells Fargo was not a party. Wells Fargo cannot be liable to the plaintiffs for breach of the deed of trust.

Nor can Wells Fargo be liable for the violation of Texas Property Code § 51.002(b)(3). If the Texas Property Code establishes an independent cause of action for damages, it is not a cause of action sounding in contract, but in tort. The Court has previously found in the opinion of February 5, 2015 (Doc. 59), that plaintiffs had not established a wrongful foreclosure case, and that the negligence *per se* claim pursuant to the Texas Property Code is barred by the economic loss rule. *Cf.* Doc. 59 at 7-9. The only cause of action left in this case is one for breach of the deed of trust.

After the Court issued its opinion and order granting plaintiffs' itemized list of damages and application for attorneys' fees on September 30, 2015 (Doc. 67), defendant Wells Fargo filed its Motion to Alter or Amend Judgment and for Ruling on Unresolved Motion for Summary Judgment and Supporting Memorandum. Doc. 68. Then, on March 7, 2016 Wells Fargo and Fannie Mae filed a joint motion for reconsideration. Doc. 70. Wells Fargo and Fannie Mae filed the joint motion (Doc. 70) in order to bring to the Court's attention a Fifth Circuit Court of Appeals case handed down February 26, 2016, *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763 (5th Cor. 2016). That case's holding was that a party in default of her own payment obligations could not bring a breach of contract (the deed of trust) claim. *Id.* at 767. In their response the plaintiffs make a number of distinctions between the circumstances of the *Villarreal* case and the circumstances of the instant case, but any distinctions made are not germane to the plaintiffs' failure to perform or tender performance of the contract as one of the essential elements of a contract claim. In the instant case plaintiffs freely admitted they were in default of

the loan, thus negating one of the elements of a contract claim.

Accordingly, after reconsideration of the opinion and order of February 5, 2015 (Doc. 59) and consideration of Wells Fargo's motion for summary judgment (Doc. 51), it is hereby

ORDERED that Wells Fargo Bank and Fannie Mae a/k/a Federal National Mortgage Assoc.'s joint motion for reconsideration (Doc. 70) is hereby GRANTED. It is further

ORDERED that the language on the fifteenth page of Doc. 59, which reads, "and ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Doc. 52) is Partially Granted. Plaintiffs shall file an itemized list of damages with supporting document on their claim for breach of the Deed of Trust" are hereby STRICKEN. It is further

ORDERED that the Opinion and Order (Doc. 67) granting Swis Community, Ltd.'s Itemized List of Damages and Application for Attorney's Fees and Costs (Docs. 60 and 61) is hereby STRICKEN. It is further

ORDERED that Wells Fargo Bank's Motion for Summary Judgment (Doc. 51) is hereby GRANTED.

A Final Judgment will be entered by separate order.

SIGNED at Houston, Texas, this 30th day of June, 2016.

                                          MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE